FILED
8:05 am, Mar 13, 2018
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY, DIVISION

UNITED STATES OF AMERICA,
         Plaintiff,

-vs-                                                        RE: Cause No. NA-92-4-CR

CHARLES E. SWEENEY, JR.,
         Defendant.

MOTION FOR RELIEF FROM JUDGMENT UNDER
FEDERAL RULES OF CIVIL PROCEDURE 60(b) (4)

Introduction

Defendant was prosecuted by authorities on federal charges in this Honorable Court in Cause No. NA-92-4-CR. Defendant pled guilty to Count (5) of a (7) Count superseding indictment and was sentenced on October 8, 1992, to an executed (210) month sentence. Defendant alleges that his conviction is a legal nullity (void) for lack of jurisdiction and requests relief from judgment under Federal Rules of Civil Procedure 60(b) (4).

Jurisdiction

Jurisdiction is invoked in this Honorable Court pursuant to Rule 60(b) 4, which states in relevant part as follows:

Rule 60. Relief from a Judgment or Order

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(4) the judgment is void;[1]

When no "claim" is presented, there is no basis for contending that a Rule 60(b) motion should be treated like a habeas petition. Rule 60(b) preserves parties' opportunity to obtain

---

[1]. (d) Other Powers to Grant Relief. This rule does not limit a courts power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

vacatur of a judgment that is void for lack of subject-matter jurisdiction. The absence of subject matter jurisdiction deprives a federal court of the power to adjudicate the rights of the parties. See, *Gonzalez v. Crosby,* 545 U.S. 524, 534 (2005). A void judgment is a legal nullity. See, *Black's Law Dictionary* pg. 1604 (8th ed. 1999).

## Statement of the Case

Defendant's conviction for violation of 18 U.S.C. § 924 (c), is a legal nullity (void), for lack of subject matter jurisdiction because the government did not allege nor did Defendant admit a violation of federal law. It is apparent that the Court, government, Defendant and his attorneys were unaware that "used in or used in an activity that affects interstate commerce" is an essential element of the predicate offense of 18 U.S.C. § 844 (i).

## Argument

"When deciding whether an order is void under Civil Rule 60(b) (4) for lack of subject matter jurisdiction, courts must look for the rare instance of a clear usurpation of power. A court plainly usurps jurisdiction only when there is a total want of jurisdiction and there is no arguable basis on which it could have rested a finding that it had jurisdiction." See, *United States v. Indoor Cultivation Equip.,* 55 F.3d 1311, 1316 (7th Cir. 1995); (noting that a judgment is void for purposes of Rule 60(b) (4), if the court lacked jurisdiction of the subject matter). Since void judgments are legal nullities, the court lacks discretion under Rule 60(b) (4) to deny a motion to vacate a void judgment. *Indoor Cultivation Equip.,* 55 F.3d at 1317. Moreover, such relief is available at any time. *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.,* 201 F.3d 948, 950 (7th Cir. 2000).

Defendant alleges that it is beyond dispute that his federal conviction is a legal nullity (void) and must be vacated for the following reasons:

(1.) Count (5) of the superseding indictment alleged a violation of 18 U.S.C. § 924 (c), Use of a destructive device in a crime of violence. To wit: Attempting to damage or destroy a vehicle in violation of 18 U.S.C. § 844 (i).

Defendant's conviction is a legal nullity (void), because the predicate offense 18 U.S.C. § 844 (i), does not state a federal crime as it omitted the essential element of "used in or used in an activity that affects interstate commerce." In the absence of the essential interstate commerce element Count (5) of the superseding indictment does not state a federal crime.

Defendant failed to object to the indictment in court proceedings. As a result the indictment "is immune from attack unless it is so obviously defective as not to charge the offense by any reasonable construction." *United States v. Smith*, 223 F.3d 554, 571 (7th Cir. 2000). Count (5) of the indictment is obviously defective; hence the acceptance of a guilty plea was plain error by the district court. See, *United States v. Harvey*, 484 F.3d 453, 455 (7th Cir. 2007). The government did not allege nor did Defendant admit a federal crime.

(2.) At the June 26, 1992, Rule 11 hearing the government alleged that the damaged property was manufactured by General Motors in Norwood, Ohio and as a result had travelled in interstate commerce as a factual basis to find Defendant guilty of 18 U.S.C. § 924 (c), citing a predicate offense of 18 U.S.C. § 844 (i). See, Rule 11 transcript.

Defendant's conviction is a legal nullity (void), because the damaged property itself must be "used in or used in an activity that affects interstate commerce". The fact that the damaged property was manufactured in another State does not violate the provisions of 18 U.S.C. § 844 (i). The government did not allege nor did Defendant admit to a violation of federal law. See, *Jones v. United States*, 529 U.S. 848 (2000); (damaged property itself must be used in or used in an activity that affects interstate commerce); *Bousley v. United*

3

*States*, 523 U.S. 614 (1998); (substantive interpretations of existing federal law have retroactive effect). The fact that the damaged property in this case was a car rather than a house as in *Jones* is irrelevant. See, *Panetti v. Quarterman*, 551 U.S. 930 (2007); citing, *Carey v. Musladin*, 549 U.S. 70 (2006); (AEDPA does not require State and Federal Courts to wait for some nearly identical factual pattern before a legal rule must be applied.)

## Conclusion

ACCORDINGLY, Defendant's 18 U.S.C. § 924 (c), conviction must be held a legal nullity (void) as a matter of law and vacated for lack of subject matter jurisdiction.

Respectfully submitted,

*Charles Sweeney*

## Certificate of Service

I, Charles Sweeney, hereby certify that on March 13____, 2018 a true and accurate copy of the foregoing, Motion for Relief from Judgment under Federal Rules of Civil Procedure 60(b) (4), upon the Office of the United States Attorney, Suite 2100, 10 West Market Street Indianapolis, Indiana 46204; by first-class, postage prepaid United States Mail.

*Charles Sweeney*
Charles Sweeney 957595 E-320
WVCF P.O. BOX 1111
Carlisle, Indiana 47838