UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHARLES E. SWEENEY, JR., | ) |
| Petitioner, | ) |
| v. | ) No. 4:18-cv-00210-SEB-DML |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Order Granting Petitioner's Motion to Vacate Criminal Judgment**

Over 25 years ago, Petitioner Charles Sweeney placed a pipe bomb underneath the car of a police officer who was investigating him for the murder of Daniel Guthrie. *Sweeney v. United States*, 754 F. App'x 440, 441 (7th Cir. 2018). He was charged with and pleaded guilty to one count (Count Five) of a seven-count superseding indictment. He pleaded guilty to carrying a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). The "crime of violence" underlying Sweeney's conviction was the attempted destruction of a vehicle by means of an explosive device, *id.* § 844(i). *Sweeney*, 754 F. App'x at 441. Sweeney was sentenced to 210 months' imprisonment and five years' supervised release. He has served his federal term of imprisonment and is currently serving a 60-year sentence imposed by an Indiana state court for murdering Guthrie.

Sweeney did not appeal his federal sentence, but he did file a long series of collateral attacks. On November 14, 2018, the Seventh Circuit authorized Sweeney to file a successive motion for collateral review challenging his § 924(c) conviction on vagueness grounds. The Seventh Circuit noted that Sweeney remains eligible for relief pursuant to § 2255 because he faces five years of federal supervised release when Indiana discharges him.

This action seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 followed. In this action, Sweeney claims that his conviction under 18 U.S.C. § 924(c) is invalid because his predicate offense of attempted destruction of a vehicle by means of an explosive device, 18 U.SC. § 844(i), no longer qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A) or (B). While this action was pending, the United States Supreme Court held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *United States v. Davis,* 588 U.S. __, 139 S.Ct. 2319 (June 24, 2019). Based on this holding, the United States was directed to address Sweeney's claim that his conviction for possessing a firearm during a crime of violence is no longer valid. The United States responded on September 3, 2019.

In response, the United States agrees that § 844(i) is not a crime of violence under § 924 in light of *Davis.* Dkt. 39 at p. 1-3. The United States argues, however, that Sweeney is not entitled to relief for procedural reasons. Specifically, the United States contends that Sweeney's challenge is either too late or premature. This argument, however, did not address *Davis's* impact on timeliness and instead the United States refers to its pre-*Davis* briefing on the issue. *See* dkt. 24.

First, the United States argues that Sweeney's challenge is too late because it should be understood as a variation on a *Johnson*-type claim and that it is untimely because it was not brought within a year of the date the Supreme Court issued *Johnson*. *See* § 2255(f). In *Johnson*, the Supreme Court held that the "residual clause" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), violated the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2563. Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on

2

collateral review." *Id*. at 1268. In the alternative, the United States argues that Sweeney's challenge is premature because the Supreme Court has not recognized that § 924(c)(3)(B) is unconstitutionally vague.

The United States' procedural argument challenging Sweeney's timeliness is not persuasive considering *Davis*. In *Davis*, the Supreme Court recognized § 924(c)(3)(B) as unconstitutionally vague. This Court understands *Davis* to set forth a newly recognized right by the Supreme Court made retroactively applicable to cases on collateral review. Thus, Sweeney's challenge is timely.

Sweeney's § 924(c) conviction is unconstitutional and his § 2255 motion to vacate his sentence and § 924(c) conviction is **granted.** As a result of this ruling, the Judgment entered in 4:92-cr-4-SEB-VTW-1 is vacated and the criminal action shall be reopened. This Order resolves only Count Five of the seven-count Superseding Indictment. The plea agreement is vacated. Sweeney shall remain in custody pending further proceedings in the criminal case. The **clerk is directed** to docket a copy of this Order in the criminal case.

Sweeney's motion for Entry of Default, dkt [40], is summarily denied.

**IT IS SO ORDERED.**

Date: 9/11/2019

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES E. SWEENEY, JR.
957595
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov